The note is presumed valid and the burden of proof is on the defendant to show that Mrs. Shannon was a surety and not the principal debtor: Farmers' & Merchants' Bank v. Donnelly, 247 Pa. 518.

The evidence justifies the conclusion that Mr. Shannon was acting for his wife in the transaction with the plaintiff bank and we do not deem the question of his general authority to act for her as of controlling importance in this case.

We have examined the testimony taken on behalf of plaintiff, but do not deem it important to the defendant, nor necessary to pass upon the question of its competency.

The assignments of error are overruled and the judgment is affirmed.

---

## Elder *v.* Elder, Appellant.

*Deeds—Husband and wife—Conveyance by wife to husband— Validity—Act of June 3, 1911, P. L. 631—Constitution, Art. I, Sec. 9.*

1. If an act of assembly operates retrospectively to take what is by existing law the property of one man and without his consent transfer it to another with or without compensation, it is in violation of Article I, Section 9, of the Constitution, providing that no man "can be deprived of his life, liberty or property unless by the judgment of his peers or the law of the land."

2. Prior to the Act of June 3, 1911, P. L. 631, relating to conveyances of real estate by a married woman to her husband, a deed from a wife to her husband was absolutely void because of the inability of the grantor to divest her title, and also because of the incompetency of the grantee to take.

3. Invalid conveyances by a married woman to her husband made prior to the Act of June 3, 1911, P. L. 631, are not validated by Section 2 of said act; the said section is retrospective in effect, and would take the property of a wife and transfer it to her husband; it therefore violates Article I, Section 9, of the Constitution.

Argued Sept. 27, 1916.   Appeal, No. 133, Oct. T., 1916, by defendant, from decree of C. P. Clarion Co., Aug. T., 1915, No. 3, cancelling a deed, in case of Sarah J. Elder v. W. F. Elder.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for the cancellation of a deed.

The facts appear in the following opinion of SLOAN, P. J., on hearing on bill and answer:

This case comes up on bill and answer.   The material averments in the bill allege that the plaintiff on March 27, 1899, executed to defendant, her husband, a deed for two certain tracts of land in Clarion Township, containing fifty (50) acres of land, and that at the time of the execution of the deed, she was a feme covert, the wife of the defendant, W. F. Elder, who did not join with her in the execution of the said deed.

The prayer is for an order of court rescinding and declaring void and of no effect the deed mentioned.   Answer being filed, issue was joined and the case heard on bill and answer.

"That this deed is absolutely void is the well settled law of this State because of the inability of the grantor to divest her title and also of the incompetency of the husband to take": Wicker v. Durr, 225 Pa. 305; Alexander v. Shalala, 228 Pa. 297.

Whatever rights the defendant now has, if any, to the land mentioned in the bill, he must have acquired under the Act of Assembly of June 3, 1911, P. L. 631, which provided as follows:

"All conveyances of real estate heretofore made by any married woman to her husband which has been duly signed, executed and delivered by her, are hereby validated and made good in law."

The defendant contends that under this act of assembly the conveyance to him is validated and now vests in him the title to the property.

It is very evident from the reading of the act of assembly that it was the plain intent of the law to be retroactive in its effect, and the question now is, does the act of assembly contravene any constitutional rights of the plaintiff.

It was said by SHARSWOOD, J., in Palairett's App., 67 Pa. 479, 485: "Retrospective legislation is certainly not in itself unconstitutional, unless so far as it has an effect prohibited by the fundamental law. If, however, an act of assembly, whether general or special, public or private, operates retrospectively to take what is, by existing law the property of one man, and without his consent, transfer it to another, with or without compensation, it is in violation of that clause in the Bill of Rights, Const., Art. I, Sec. 9, which declares that no man can be deprived of his life, liberty or property unless by the judgment of his peers or the law of the land."

In Buchanan v. Corson et al., 51 Pa. Superior Ct. 558, 560, it is said, speaking of the deed of a married woman, "there can be no doubt that the deed mentioned was absolutely void. It conveyed nothing. It affected no right whatever in the title to the land."

This being the uncontroverted law of the land, then the deed from Mrs. Elder to the defendant was up to June 3, 1911, absolutely void and of no more force and effect than a blank piece of paper. The title of the land in controversy was up to that date vested in the plaintiff, who was the absolute owner under the protection of the law, which secures to every citizen his or her property. Can the act of assembly then strike down this right, and divest her of her property, and without her consent transfer it to another? This would be doing the very thing that SHARSWOOD, J., said Palairett's Appeal cannot be done. It would take the property of one and transfer it to another "without due process of law."

We are of the opinion that the property of the plaintiff cannot be affected by the act in this case, and that she is entitled to the relief prayed for.

The court awarded the relief prayed for.    Defendant appealed.

*Errors assigned* were in dismissing exceptions to findings of fact and law and the decree of the court.

*George F. Whitmer,* for plaintiff.

*John S. Shirley, Maffett & Rimer* and *Geary & Hindman,* for appellee, were not heard.

PER CURIAM, January 8, 1917:

The decree in this case is affirmed, at appellant's costs, on the opinion of the learned chancellor below directing it to be entered.

---

# Miller et al., Appellants, v. Pennsylvania Railroad Company.

*Negligence—Railroads—Death—Parties plaintiff—Acts of April 15, 1851, P. L. 669, 674, Sec. 19, and April 26, 1855, P. L. 309, Sec. 1 —Railroad crossings—Stop, look and listen—Presumption—Rebuttal—Contributory negligence—Binding instructions.*

1. Where a man and his wife were injured in a railroad accident and the man died immediately, and his wife died three days thereafter without bringing an action for the death of her husband, the children were proper parties to sue for the death of their father under the Acts of April 15, 1851, P. L. 669, 674, Section 19, and April 26, 1855, P. L. 309.

2. Where in such case it appeared that decedents were driving in a market wagon upon a turnpike which paralleled the railroad for some distance before crossing it; that the wagon was a closed one with curtains, sliding door and glass front, and that a train running in the same direction in which they were going struck them as they were about to cross, causing the injuries which resulted in their death; and that the view was unobstructed at the crossing for a distance of over 800 feet, the presumption that decedents stopped, looked and listened before attempting to cross was rebutted by the circumstances, although there was no direct evidence on this point, and the court properly directed a verdict for defendant.