# Brankin *v.* Phila., Newtown & New York R. R. Co.

*Ejectment—Affidavit of defense—Practice, C. P.*

1. Affidavits of defense are not required in actions of ejectment.

*Eminent domain—Public service companies—Occupation of land—Payment—Presumption — Adverse possession — Statute of limitations—Burden of proof.*

2. Neither the statute of limitations, nor adverse possession, will debar a property owner of the right to recover compensation for land occupied by a public service company, if in fact payment has not been made; but, after twenty years, he has the burden of proof of showing affirmatively that it has not been made.

3. The rule applies as well when the property owner is seeking to recover possession of the land itself, as when he is suing for compensation; after the lapse of twenty years, a presumption arises that payment was made, and hence that possession was lawfully taken.

4. Where a presumption arises because no claim has been made for a period of twenty years, the legal requirement as to the character and extent of the proof increases with the further passing of the years during which such claim could have been, but was not made.

Argued April 20, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 171, Jan. T., 1926, by defendant, from order of C. P. No. 3, Phila. Co., Sept. T., 1925, No. 8739,

entering judgment for want of sufficient affidavit of defense, in case of Patrick J. Brankin v. Philadelphia, Newtown & New York Railroad Co. Reversed.

Ejectment for land in the City of Philadelphia. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Rule for judgment for want of sufficient affidavit of defense. Judgment for plaintiff. Defendant appealed.

*Error assigned* was judgment, quoting record.

*Edward Hopkinson, Jr.,* with him *William I. Woodcock, Jr.,* for appellant.—Defendant's answer does not set up a right of property by adverse possession, but a right to possession for use as part of its right-of-way by presumption of lawful entry and payment more than twenty years prior to this action: Carter v. Turnpike Co., 208 Pa. 565.

Defendant's answer is sufficient in law, because it avers facts giving rise to presumptions which, if unrebutted, would require a judgment in its favor: Carter v. Turnpike Co., 208 Pa. 565; Clohessey v. Telegraph Co., 61 Pa. Superior Ct. 182.

The presumptions raised in favor of defendant are entirely independent of the statute of limitations: Hasson v. Klee, 181 Pa. 117; Jenkins v. McMichael, 21 Pa. Superior Ct. 161.

The presumptions claimed by defendant arise where the action is for the recovery of land, as well as where it is for money damages.

To raise the presumptions claimed, defendant need not allege actual condemnation proceedings or purchase, nor actual payment of compensation: Wilson v. Stoner, 9 S. & R. 39; U. S. v. Chavez, 175 U. S. 509.

Plaintiff purchased, with notice of the railroad's occupancy under claim of right: Rowe v. Ream, 105 Pa.

543; Wood v. Farmers, 7 Watts 382; Jamison v. Dimock, 95 Pa. 52.

*John P. Donnelly,* for appellee.—Defendant, in basing its defense primarily upon its open, visible and notorious possession, has set up the theory of adverse possession, which position cannot be maintained, in view of the Constitution, the statutory law and judicial decisions of Pennsylvania: Speer v. R. R., 255 Pa. 211; Jessup v. Loucks, 55 Pa. 350; Connellsville G. & C. Co. v. R. R., 216 Pa. 309.

OPINION BY MR. JUSTICE SIMPSON, May 10, 1926:

In this action of ejectment, defendant appeals from a judgment for plaintiff, entered by the court below for want of a sufficient affidavit of defense, although no such pleading was legally required and none was filed. An answer was filed, as directed by the Act of June 7, 1915, P. L. 887, as amended by the Act of June 12, 1919, P. L. 478, which statute also says "that the court may, on rule, enter such judgment on the pleadings, in favor of either party, as it may appear to the court the party is entitled to." Since the principles applicable to the two proceedings are, in this respect, substantially the same, we will consider the present appeal exactly as if the proper rule had been taken, and the judgment under review entered on it.

That judgment is erroneous, however. In his statement of claim, plaintiff avers a record title in himself, through a deed to him, executed some twenty-three years before the suit was begun; but it also appears that the defendant railroad company is in possession of the land, and has been for more than fifty years, having located its track thereon in 1872 (or 1873), and since then continued in that user. He does not allege that the entry did not result from negotiations with the then owner of the property, save as may be inferred from his averments that no condemnation proceedings were had,

damages assessed or compensation paid, and from his bald statement, denied by defendant, that it was a mere trespasser.

So far as concerns the present status of the case, it is ruled by Carter v. Ridge Turnpike Co., 208 Pa. 565, 567, where, after stating that no statute of limitations or adverse possession will bar a claim to recover compensation for land taken by a public service company, we said: "But, while this is true, there is a rule of evidence with which the appellants have not complied. More than twenty years had elapsed before this equitable ejectment was instituted, and in it there can be no recovery unless the money, to enforce the payment of which it was brought, has not been paid. With a continuing right to collect the same, barred by no statute and defeated by no adverse possession, there is, nevertheless, the presumption, after twenty years from the time the right to the damages accrued, that they have been paid. The rule that, after the lapse of twenty years, mortgages, judgments and every species of security for the payment of money are presumed to be paid is unbending, universal and invariable......Notwithstanding the lapse of this time, the right to recover has not been extinguished, if, as a matter of fact, the damages have not been paid. But the rule of evidence to which even the Commonwealth is subject (Ash's Est., 202 Pa. 422), is, that those acting only after twenty years must affirmatively show that fact. What would not have been a burden on them before the twenty years, becomes so thereafter; and what would have been required of the defendant before that time, it is not called upon to prove after."

No valid distinction exists between the two cases, because of the fact that there the action of ejectment was brought to recover damages for the land taken, while here it is to recover possession of the land itself; for, in each case, if payment was made, defendant's possession was lawful, and, hence, if it is presumed to have

been made, as the foregoing quotation shows it is, necessarily the possession must be presumed to be lawful. We need only add that, as the difficulties of establishing the exact facts multiply with the passing of the years after the twentieth, so the legal requirements as to the character and extent of the proof necessary to overcome the presumption, must likewise multiply with the passage of those years: see Biddle v. Girard National Bank, 109 Pa. 349.

There will be ample time to consider the other defenses set forth in the answer, when, if ever, plaintiff has successfully carried the heavy burden, above referred to, which lapse of time and delay in acting has cast upon him.

The judgment of the court below is reversed and a procedendo awarded.