## Wiegand Appeal.

Argued April 15, 1969. Before Wright, P. J., Watkins, Montgomery, Jacobs, Hoffman, Spaulding, and Cercone, JJ.

*Harold R. Schmidt,* with him *Roger Curran,* and *Rose, Schmidt and Dixon,* for appellant.

*Anthony V. DeCello,* Assistant County Solicitor, with him *John W. Mamula,* Second Assistant County Solicitor, and *Maurice Louik,* County Solicitor, for appellee.

Opinion Per Curiam, June 13, 1969:

In October 1938 certain land owned by appellant's father was condemned by the Board of Commissioners and Court of Common Pleas of Allegheny County. Notice of condemnation was given by newspaper publication only and no further action was taken until 1956. Appellant who became the sole owner in 1958 received actual notice of the condemnation on February 6, 1956, when she was informed by letter from the Director of the Department of Works of Allegheny County that the property was within the right of way of a street-widening project. Shortly thereafter, entry was made

and construction was completed in November 1957. No payment has ever been tendered by Allegheny County.

On March 18, 1965, appellant filed a petition for appointment of viewers and requested a rule to show cause why the petition should not be granted. After argument, the rule was refused on the ground that the claim was barred by the statute of limitations. The Act of 1891, P. L. 109, as amended, 12 P.S. §43, which was in effect prior to 1964, provides: "Petitions for the assessment of damages for the opening or widening of any street . . . may be filed . . . within the period of six years from the final confirmation of a report or entry of a decree or order opening the said street . . . or within six years from the date of notice of the intended opening of the same . . . ." Assuming that this statute did not begin to run until February 6, 1956, when appellant received actual notice, her claim was barred after February 6, 1962.

Appellant first contends that the statute of limitations is an affirmative defense which can be raised only in a responsive pleading under "New Matter." Pa. R. C. P. 1030. If Rule 1030 is applicable in proceedings for the appointment of viewers, appellant is correct in suggesting that consideration of the statute of limitations was premature. The Eminent Domain Code of 1964, Art. V, §525 authorizes the Supreme Court to promulgate rules with respect to matters of procedure under the Code. The Comment to §525 states: "The procedural provisions of Article V . . . ., which preferably should be governed by rules rather than by statute, are included so that there will be no possible hiatus in practice and procedure between the effective date of this act and the promulgation of Rules of Civil Procedure which it is contemplated will be promptly promulgated by the Supreme Court and the procedural provisions of this act suspended."

As the Supreme Court has not promulgated rules applicable to appointment of viewers, the statutory procedure remains in effect and Rule 1030 does not prevent consideration of the statute of limitations in the manner followed by the court below.

On the merits, appellant alleges that §524 of the Eminent Domain Code of 1964, rather than the Act of 1891, provides the limitations period governing her right to obtain appointment of viewers. Section 524 provides that the six year limitation period begins to run from the date that a tender of payment of compensation is made. As no tender has been made in this case, appellant contends that the claim is not barred and that the petition should have been granted.

Acceptance of appellant's position requires us to hold that §524 *revives all claims previously barred by statutes of limitation in effect prior to the adoption of the 1964 Code.* Neither the Code nor the case law support this conclusion. Article III, §302 of the Code states: "the provisions of Articles V [including §524] and VII [relating to evidence] shall apply to all steps taken subsequent to the effective date of this act in all condemnation proceedings in which the condemnation was effected prior to the effective date of this act." This does not authorize total retrospective application of the Code; rather, the obvious purpose of this provision is to assure evidentiary and procedural uniformity in all proceedings after the effective date of the act regardless of the date of condemnation. A procedural statute may be applied to litigation instituted prior to its enactment *but not completed. Pope v. Pa. Thresh. & Farmers' Ins. Co.,* 176 Pa. Superior Ct. 276, 107 A. 2d 191 (1954).

The Statutory Construction Act, §56, 46 P.S. §556, provides that "No law shall be construed to be retroactive unless clearly and manifestly so intended by the

legislature." We find no authority in the Code for application of §524 to previously barred claims and believe that §302 limits applicability of Article V of the Code to condemnations in which the litigation was not completed prior to 1964. The applicable statute of limitations having run prior to the 1964 Code, litigation of appellant's claim was "completed" prior to its enactment.

The order of the court below is affirmed.

---

DISSENTING OPINION BY WRIGHT, P. J.:

It is undisputed that appellant's land was appropriated and that no compensation was received. The Act of 1891, relied upon by the majority, is not a statute of repose which extinguished appellant's right to recover. It is merely procedural in nature and limited the time within which a petition for the assessment of damages could be filed. That statute has now been repealed by the Eminent Domain Code of 1964. Section 524 of the Code (26 P.S. 1-524) permits a petition for the appointment of viewers to be filed within a period of six years from the date on which the condemnor made or tendered just compensation. Section 302 of the Code (26 P.S. 1-302) makes the provisions of Section 524 applicable to prior condemnations. Since compensation was never paid or tendered by the condemnor in the instant case, I would remand the record to the court below for the appointment of viewers.

WATKINS and CERCONE, JJ., join in this dissenting opinion.