## Upper Montgomery Joint Authority *v.* Lawrence I. Yerk.

Argued December 8, 1970, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKIN-SON, JR., MANDERINO, MENCER and BARBIERI.

*C. Edmund Wells,* with him *Wells, Campbell, Yohn & Wells,* for appellant.

*Bruce L. Waltman,* with him *J. Willard Schoelkopf,* for appellee.

OPINION BY JUDGE BARBIERI, February 22, 1971:

This eminent domain case comes before this Court on appeal from an order by the Common Pleas Court of Montgomery County, dismissing New Matter and the defense of the Statute of Limitations raised therein by Upper Montgomery Joint Authority (Condemnor) to a Petition for Appointment of a Jury of View filed by Lawrence I. Yerk (Condemnee).

Condemnor effected the taking of the Condemnee's land by the filing of condemnation indemnity bonds on October 27, 1960 and January 4, 1961. The filing of the bonds effected the taking under the Statute then in effect which provided that when "any municipality . . . having the right to acquire lands . . . by eminent domain, has tendered a bond . . . filed in and approved by the court, such municipality . . . shall have the right to immediate possession thereof." (Act of June 7, 1907,

P. L. 461, §1, 26 P.S. 141). A limitation of six years began to run on January 4, 1961, the date when the last bond was filed, because of another statutory provision that "no person having an interest in any land . . . may petition for the appointment of viewers for the assessment of damages or bring an action for damages after expiration of a period of *six years* from the date on which the political subdivision or authority became *entitled to possession* of the land . . .". Act of April 3, 1956, P. L. 1366, §1, 26 P.S. 152). (Emphasis added)

Both parties engaged in certain negotiations in an effort to reach amicable agreement as to the amount payable for the taking, but all such negotiations ceased in 1962 and no further action was taken by either Condemnor or Condemnee until the filing by Condemnee of the instant Petition for Appointment of a Jury of View on March 24, 1970.

The Acts of 1907 and 1956 were specifically repealed by Section 902 of the Eminent Domain Code of 1964 (Act of June 22, 1964 (Special Session), P. L. 84, §902, 26 P.S. §1-902). Section 524 of the new Code contains a specific limitation on applications for Appointment of Viewers: "Section 524. *Limitation Period.* A petition for the appointment of viewers for the assessment of damages for a condemnation or compensable injury may not be filed after the expiration of *six years from the date on which the condemnor made payment* in accordance with Section 407(a) or (b) of the act where the property or any part thereof has been taken, or from the date of injury where the property has been injured but no part thereof has been taken. If such petition is not filed before the expiration of such period, such payment shall be considered to be in full satisfaction of the damages." (Emphasis added)

As Section 524 is procedural, rather than substantive, it can be applied retroactively to an eminent domain proceeding which has not yet been concluded or barred under preexisting law. No vested right has been abridged by an extension of the time in which a claim for condemnation damages could be made. See *Agostin v. Pittsburgh Steel Foundry Corporation*, 354 Pa. 543, 47 A. 2d 680 (1946); *Seneca v. Yale & Towne Manufacturing Company*, 142 Pa. Superior Ct. 470, 16 A. 2d 754 (1941); *Matkosky v. Midvale Company*, 143 Pa. Superior Ct. 197, 18 A. 2d 102 (1941).

Section 302 of the new Code makes clear the Legislature's intent that Section 524 (a provision of Article V) is to be given retroactive effect. Section 302 reads: *"Effective Date. This act shall take effect immediately upon approval, and shall apply to all condemnations effected thereafter. . . . The provisions of Articles V and VII shall also apply to all steps taken subsequent to the effective date of this act in all condemnation proceedings in which the condemnation was effected prior to the effective date of this act."* 26 P.S. §1-302. (Emphasis added)

Neither party disputes that "the condemnation was effected prior to the effective date" of the new Code. Thus Section 524 was applicable to the instant case as of its effective date, June 22, 1964. Also, it is undisputed that on June 22, 1964, the limitation provided in the 1956 Act had not yet expired, and that no payment or offer to make payment had been made under Section 407 of the new Code of "the amount of just compensation that is estimated by the Condemnor". Under such circumstances, since the Statute of Limitations in Section 524 of the new Act is applicable, we conclude, as a matter of law, that neither this limitation, nor the one in the 1956 Act, may be interposed as a bar to the

filing by the Condemnee of his petition for a Jury of View on March 24, 1970.

The Superior Court passed upon a similar issue in *Wiegand Appeal,* 214 Pa. Superior Ct. 371, 257 A. 2d 627 (1969). The Court recognized the distinction between cases such as the one before it where the entire limitation period in the preexisting Act had expired before the new Act became effective, and cases such as the one before us where the limitation had not expired before the new Act became effective. In *Wiegand,* it was held that any right which the Condemnee had was lapsed prior to the effective date of the new Code and that no right remained on June 22, 1964 which could be either enlarged or extended.* The Court said: "[Section 524] does not authorize total retrospective application of the Code; rather, *the obvious purpose of this provision is to assure evidentiary and procedural uniformity in all proceedings after the effective date of the act regardless of the date of condemnation.* A procedural statute may be applied to litigation instituted prior to its enactment but not completed. Pope v. Pa. Thresh. & Farmers' Ins. Co., 176 Pa. Superior Ct. 276, 107 A. 2d 191 (1954) . . .". (Emphasis added) See also 22 *Pennsylvania Law Encyclopedia,* §4, "Limitation of Actions".

Order affirmed.

The foregoing opinion was prepared by Judge (now Justice) ALEXANDER F. BARBIERI before his resignation as a judge of the Commonwealth Court. It is hereby adopted as the opinion of the Court.

---

* The majority opinion was *per curiam.* Two judges concurred with President Judge WRIGHT who filed a dissenting opinion on the ground that Section 524 was applicable even to a 1956 condemnation. "Since compensation was never paid or tendered by the condemnor in the instant case, I would remand the record to the court below for the appointment of viewers". At 214 Pa. Superior Ct. 375.