## Mezanko v. Blue Coal Corporation

*Sol Lubin*, for plaintiff.
*Franklin B. Gelder*, for defendant.

OLSZEWSKI, J., July 9, 1974.—Blue Coal Corporation, defendant ("Blue Coal"), filed a petition to terminate workmen's compensation payments to George S. Mezanko, claimant herein ("Mezanko"). Blue Coal's petition was dismissed, and Blue Coal perfected its appeal from the referee's order. At the time of the filing of the aforementioned appeal, no request was made for a supersedeas. Approximately two months later, Blue Coal did file its petition for supersedeas, which was denied by the board on May 15, 1974.

When Blue Coal defaulted in its compensation payments to Mezanko after the 30-day period following the referee's decision, judgment in the sum of $30,000 was entered in accordance with the act.[1]

This matter now comes before the court upon the petition of Blue Coal to strike off or open the aforementioned judgment entered on March 25, 1974, in the sum of $30,000. Blue Coal insists that the judgment should be stricken off or opened for the following reasons: (1) That the judgment has been erroneously and improperly entered for the reason that the decision is not final because of the pending appeal; (2) that the appeal operates as a supersedeas where the accident occurred on March 6, 1967.

The court is satisfied that judgment was taken pursuant to the Pennsylvania Workmen's Compensation Act, 77 PS §921.

An examination of the issues in this petition reveals that the significant one is whether or not the filing of defendant's termination petition operates to stay the payment of benefits to Mezanko until final judgment,

---

[1] Act of June 2, 1915, P. L. 736, as amended by the Act of December 28, 1959, P. L. 2034, sec. 6; Act of February 8, 1972, P. L. 15 (No. 12) sec. 3; Act of March 29, 1972, P. L. 105 (No. 61), sec. 23, effective May 1, 1972, 77 PS §921. Mezanko's right to take judgment was prospective and not retroactive.

or whether on appeal to the board that the proceedings can be stayed only by order of the board. On February 8, 1972, the legislature amended the act, supra: 77 PS §971:

"§971. Effect of appeal on lien of judgment; petiton for supersedeas; penalty for failure to make payment

"(a) The lien of any judgment entered upon any award shall not be divested by any appeal.

"(b) No appeal shall operate as a supersedeas, unless the board or the court to whom the appeal is taken shall, upon petition for same, so order after consideration of the contentions of the parties. The board or court shall rule upon the petition for a supersedeas as soon as possible and shall consider whether failure to pay or continue to pay compensation immediately may jeopardize the health or well being of the employe and/or his dependents and any other facts which the board or court deems to be relevant. The decision upon such petition shall not be appealable. Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas as provided in this section shall be subject to a penalty as provided in section 435, except in the case of payments terminated as provided in section 434."

A petition to terminate does not act as a supersedeas unless the referee grants such a request and where (1) an employe has returned to work at his prior or increased earnings, or (2) the employe has fully recovered and the petition is accompanied by an affidavit of a physician to that effect: As amended by the Act of February 28, 1956, P. L. (1955) 1120, sec. 1; Act of February 8, 1972, P. L. 15 (No. 12), sec. 3; Act of March 29, 1972, P. L. 105 (No. 61), sec. 23, effective May 1, 1972, 77 PS §774.

Act 12, 77 PS §971, and Act 61, 77 PS §774, having become effective subsequent to Mezanko's injury, March 6, 1967, but prior to the referee's order dated January 28, 1974, are procedural and not substantive matters.

Therefore, Blue Coal is not divested of any of their rights.[2]

In Universal Cyclops Steel Corporation v. Krawczynski, 9 Commonwealth Ct. 176, 182-183 (1973):

"We must consider, however, whether or not these changes apply to this case, for the alleged accident here and the institution of this action both occurred well before the effective date of either Act No. 12 or Act No. 61. The general rule on this subject has been stated as follows: 'Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But where it concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage. . . .' Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 166, 110 A. 731, 732 (1920). See Misitis v. Steel City Piping Company, 441 Pa. 339, 272 A. 2d 883 (1971); Smith v. Fenner, 399 Pa. 633, 161 A. 2d 150 (1960); Pope v. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co., 176 Pa. Superior Ct. 276, 107 A. 2d 191 (1954). 'A procedural statute may be applied to litigation instituted prior to its enactment *but not completed.*' (Emphasis in original.) Wiegand Appeal, 214 Pa. Superior Ct. 371, 374, 257 A. 2d 627, 629 (1969). See Upper Montgomery Joint Authority v. Yerk, 1 Pa. Commonwealth Ct. 269, 274 A. 2d 212 (1971).

"A change in the Board's scope of review has been held to be a procedural matter and applicable, there-

---

[2] See Preamble to the act in footnote section 1, 77 PS §717.1.

fore, to litigation then in progress. Seneca v. Yale & Towne Mfg. Co., 142 Pa. Superior Ct. 470, 16 A. 2d 754 (1941). We believe, therefore, that the Board's scope of review in cases, such as here, which it decides after May 1, 1972, should be as established by Act No. 61."

See also *City of Scranton et al. v. Workmen's Compensation Appeal Board et al.*, 10 Commonwealth Ct. 424, 427, 428 (1973).

In *Pope v. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co.*, 176 Pa. Superior Ct. 276, 278 (1954), the court stated:

"A statute is normally construed to operate prospectively only, especially where vested rights are affected. Martin v. Danko, 143 Pa. Superior Ct. 106, 18 A. 2d 324; Malicks' Petition, 137 Pa. Superior Ct. 139, 8 A. 2d 494. However, if a statute is curative, remedial or procedural only, it may be applicable to litigation instituted prior thereto but not completed. Bell Telephone Co. v. Pa. P. U. C., 130 Pa. Superior Ct. 514, 197 A. 783; Malicks' Petition, supra. If 'no vested right or contractual obligation is involved, an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events which occurred prior to that date.' Burger Unemployment Compensation Case, 168 Pa. Superior Ct. 89, at page 94, 77 A. 2d 737."

Accordingly, we enter the following:

ORDER

It is ordered, adjudged and decreed that the petition to strike off or open the judgment is hereby denied, and the rule to show cause is hereby discharged.