In Re: Condemnation of Real Estate by Carmichaels-Cumberland Joint Sewer Authority, Carmichaels Mining Machine Repair Co.

Carmichaels Mining Machine Repair Co., Appellant *v.* Carmichaels-Cumberland Joint Sewer Authority, Appellee.

Argued March 11, 1985, before Judges CRAIG, COLINS and PALLADINO, sitting as a panel of three.

*Charles O. Zebley, Jr.,* with him, *Ernest P. DeHaas, III, Coldren, DeHaas & Radcliffe,* for appellant.

*James Hook,* with him, *Gregory C. Hook, Hook and Hook,* for appellee.

OPINION BY JUDGE CRAIG, April 4, 1985:

Carmichaels Mining Machine Repair Company (Carmichaels) appeals from an order of the Court of Common Pleas of Greene County, which, pursuant to an evidentiary hearing, sustained the preliminary objections of the Carmichaels-Cumberland Joint Sewer Authority (authority), and dismissed as untimely Carmichaels' petition for the appointment of viewers. The issue for our determination is whether the trial court erred in determining the applicable statute of limitations.

The facts as the trial court found them indicate that the authority had filed plans for the installation of a sewer line on Carmichaels' property with the office of the recorder of deeds on February 11, 1975; without filing a declaration of taking, the authority entered Carmichaels' property and installed the sewer line on August 5th and 6th, 1975. Carmichaels received no compensation from the authority, and, on October 8, 1982, it filed a petition for the appointment of viewers pursuant to section 502 of the Eminent Domain Code, Act of June 22, 1964, Special Sess. P.L. 84, *as amended,* 26 P.S. §1-502. The trial court sustained

the authority's preliminary objection that the six-year statute of limitations in effect in 1975 had expired and therefore the petition was untimely.

Carmichaels contends that the trial court erred in failing to apply the twenty-one-year statute of limitations which was in effect when it filed its petition for viewers.

In 1975, when the authority entered Carmichaels' property, the Eminent Domain Code provided that:

A petition for the appointment of viewers . . . may not be filed after the expiration of six years from the date on which the condemnor made payment in accordance with . . . this act where the property or any part thereof has been taken, or from the date of injury where the property has been injured but no part thereof has been taken.

Section 524 of the Eminent Domain Code, *formerly* 26 P.S. §1-524.

Although the previous terms of section 524 arguably had no application to a de facto taking (because the limitation period began only with the condemnor's payment where there had been a taking), *O'Keefe v. Altoona City Authority,* 9 Pa. Commonwealth Ct. 397, 304 A.2d 916 (1973), with two judges dissenting, clearly applied the limitation to de facto takings, in view of the apparent gap in the statute.

In 1978, the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1376], repealed section 524; the Judicial Code, Act of July 9, 1976, P.L. 586, *as amended,* 42 Pa. C. S. §§101-9781, now provides:

(a) General rule.—The following actions and proceedings must be commenced within 21 years:

. . . .

(3)   A proceeding in inverse condemnation, if property has been taken and the condemnor has not made payment in accordance with [the Eminent Domain Code]

42 Pa. C. S. §5530(a) (effective June 27, 1978).

As between that twenty-one year limitation, applicable to an "inverse condemnation," and the new six-year limitation of 42 Pa. C. S. §5527(4), applicable only when the condemnor has made payment or has injured property without a taking, the trial court's findings require that we focus on the twenty-one year limitation because those findings establish a taking without payment by the authority—an inverse condemnation.

The pivotal issue here is identification of the date which determines the application of the statute of limitations. If the date of the authority's 1975 entry upon the land is controlling, the six-year statute in effect in 1975 applies, and it expired six years after 1975, in 1981. However, if the date on which Carmichaels filed its petition for viewers is the relevant one, the twenty-one-year statute applies and, counted from 1975, has not yet expired.

In *Upper Montgomery Joint Authority v. Yerk,* 1 Pa. Commonwealth Ct. 269, 274 A.2d 212 (1971), this court addressed the issue of an amended statute of limitations in the Eminent Domain Code, and observed that because the statute of limitations was procedural rather than substantive it could properly apply retroactively to eminent domain proceedings which had not yet been concluded or barred under the former statute. "No vested right has been abridged by an extension of the time in which a claim for condemnation damages could be made" *Upper Montgomery Joint Authority,* 1 Pa. Commonwealth Ct. at 272, 274 A.2d at 213-14.

Our Superior Court confronted the same issue under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1066, in *Seneca v. Yale & Towne Manufacturing Co.,* 142 Pa. Superior Ct. 470, 16 A.2d 754 (1940). The court concluded that a new statute of limitations, being procedural in nature, should apply to litigation existing at the time of its passage and to cases where the right to sue had accrued but not yet expired under the former statute of limitations. The Superior Court also observed that the legislature had delayed the effectiveness of the new statute of limitations for over seven months and concluded that postponement indicated a legislative intention that the statute be retroactive in its operation.[1]

The trial court here, relying on the no-revival clause of the Judicial Code and *O'Keefe v. Altoona City Authority,* 9 Pa. Commonwealth Ct. 397, 304 A.2d 916 (1973), concluded that the former six-year statute applied. Although we concur with the trial court's implicit conclusion that the statute of limitations began to run when the condemnor entered the property, that proposition, together with *O'Keefe* and the no-revival provision, are insufficient to resolve the present issue.

That no-revival clause, section 25(b) of the Judicial Code, provides:

No cause of action fully barred prior to the effective date of this act shall be revived by reason of the enactment of this act.

Act of July 9, 1976, P.L. 586, *as amended,* 42 Pa. C. S. §5530 Note. It is inapplicable because Carmichaels'

---

[1] Compare *Wiegand Appeal,* 214 Pa. Superior Ct. 371, 257 A.2d 627 (1969) and *Lando v. Urban Redevelopment Authority of Pittsburgh,* 49 Pa. Commonwealth Ct. 566, 411 A.2d 1274 (1980) where new statutes of limitations did not apply to actions on which the former statute had expired before the effective date of the replacement statute.

claim, which had accrued in 1975, was not barred under the six-year statute when the Judicial Code statute of limitations became effective in 1978.

In *O'Keefe,* a de facto condemnation case, this court concluded that under the six-year statute of limitations of the 1964 Eminent Domain Code, which we quoted above, *O'Keefe's* petition for the appointment of viewers was untimely. However, that case did not present the current problem of a claim which was not time-barred on the effective date of a new statute of limitations and was filed within that new limitations period.[2]

Review of the relevant cases requires the conclusion that the statute of limitations in effect at the time a case is filed applies to that proceeding. *Seneca,* 142 Pa. Superior Ct. 470, 16 A.2d 754 (1940); *Upper Montgomery Joint Authority v. Yerk,* 1 Pa. Commonwealth Ct. 269, 274 A.2d 212 (1971). *See also Crisante v. J. H. Beers, Inc.,* 297 Pa. Superior Ct. 337, 443 A.2d 1150 (1982). The legislature's twenty-three-month delay of the effective date of the new statute reinforces our conclusion that it should apply to accrued causes of action which were not time barred when the new statute took effect. *Seneca,* 142 Pa. Superior Ct. 470, 16 A.2d 754 (1940).

Thus, the twenty-one-year statute of limitations in effect in 1982 when Carmichaels filed its petition for the appointment of viewers governs here. Because twenty-one years has not elapsed since the authority's entry in 1975, we reverse the trial court's decision and remand the case for further proceedings on the merits.

---

[2] We specifically reject the suggestion of the dictum in *O'Keefe* that, absent a specific provision to the contrary, the passage of a new statute of limitations somehow functions to begin the running of the limitations period again on the statute's effective date.

ORDER

Now, April 4, 1985, the order of the Court of Common Pleas of Greene County, Misc. No. 55, 1982, dated November 4, 1983, is reversed and the case is remanded to that court for further proceedings.

Jurisdiction relinquished.