**Kathleen McDONALD and Edward William Kleeman, Appellants**

v.

**REDEVELOPMENT AUTHORITY OF ALLEGHENY COUNTY.**

Commonwealth Court of Pennsylvania.

Argued May 6, 2008.

Decided June 6, 2008.

Reargument Denied En Banc Aug. 7, 2008.

Thomas J. Dempsey, Pittsburgh, for appellants.

Hilary W. Taylor, Monroeville, for appellee.

BEFORE: FRIEDMAN, Judge, COHN JUBELIRER, Judge, and COLINS, Senior Judge.

OPINION BY Judge FRIEDMAN.

Kathleen McDonald and Edward William Kleeman (together, Condemnees) appeal from the May 31, 2007, order of the Court of Common Pleas of Allegheny County (trial court), which sustained the preliminary objections (POs) filed by the Redevelopment Authority of Allegheny County (Authority). We affirm.

Condemnees own property (Property) in a certified redevelopment area located in Findlay Township (Township), Allegheny County (County). (R.R. at 9a.) On April 8, 2002, the Authority issued a Declaration of Taking (Declaration) for the Property.[1] On the same day, the Authority offered to purchase the Property from Condemnees for $26,207 and warned Condemnees that, if they refused the offer, the Authority would proceed to take the Property through eminent domain. When Condemnees did not accept the offer, the Authority proceeded with the taking, and Condemnees did not file POs or otherwise challenge the Declaration. On June 25, 2002, the Authority sent Condemnees a check for $3,000, the amount the Authority estimated as just compensation for the Property. Condemnees cashed the Authority's check on August 9, 2002.

By the Act of October 2, 2002, P.L. 796 (Act of 2002), the General Assembly amended the Urban Redevelopment Law (URL) by, *inter alia*, adding section 19.2 (the Amendment or section 19.2).[2] Prior to the Amendment, the applicable statute of limitations for filing a Petition for Appointment of Viewers under the URL was five years after the payment of the estimated just compensation.[3] However, that limitations period was altered in section 19.2, which states:

> Notwithstanding the provisions of 42 Pa. C.S. § 5526(4) (relating to five year limitation) or any other provision of law to the contrary, a proceeding to challenge just compensation or other damages if a redevelopment authority has exercised [its] power of condemnation pursuant to this act and made payment in accordance with ... [the former] "Eminent Domain Code," [4] is subject to a one-year statute of limitations.

35 P.S. § 1719.2. Section 19.2 became effective on December 1, 2002.

On April 7, 2006, Condemnees filed a Petition for Appointment of Viewers (Petition), challenging the amount of estimated just compensation paid for the Property. The Authority responded by filing POs, asserting that, pursuant to section 19.2, the Petition was untimely. Condemnees filed an Answer and New Matter, and the Authority timely filed its reply to the New Matter. The trial court held a hearing and heard argument on the Authority's POs.

Condemnees argued that, because the Property was taken prior to the effective date of the Amendment, the five-year stat-

1. The Authority has the power to condemn property by eminent domain under section 12 of the Urban Redevelopment Law (URL), Act of May 24, 1945, P.L. 991, 35 P.S. § 1712.

2. Added by section 3 of the Act of 2002, 35 P.S. § 1719.2.

3. Section 5526(4) of the Judicial Code, 42 Pa.C.S. § 5526(4). Subsection (4) of section

5526 of the Judicial Code was deleted, effective September 1, 2006, by section 3 of the Act of May 4, 2006, P.L. 112.

4. The former Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended, formerly* 26 P.S. §§ 1–101–1–903, was repealed by section 5 of the Act of May 4, 2006, P.L. 112.

ute of limitations governed, and the Petition, which was filed within that period, was timely. The Authority countered that, because the Amendment's effect was procedural rather than substantive, the Amendment's one-year statute of limitations should be applied retroactively, making the Petition untimely.

■ The trial court agreed with the Authority. In doing so, the trial court relied on *Ferki v. Frantz's Transfer Company*, 152 Pa.Super. 267, 31 A.2d 586 (1943), and *Kennedy v. Holmes Construction Company*, 147 Pa.Super. 348, 24 A.2d 451 (1942), for the propositions that a legislature may shorten a statute of limitations and that the new, shorter statute of limitations may be applied retroactively as long as a party litigant enjoys a reasonable amount of time to pursue her rights. The trial court concluded that, because Condemnees had sufficient time after the effective date of the Amendment to pursue their rights under the URL, they were subject to the one-year statute of limitations, and, thus, the Petition was not timely filed. Accordingly, the trial court granted the Authority's POs and dismissed the Petition with prejudice. Condemnees now appeal to this court.[5]

Condemnees' first argue that the trial court erred in applying the one-year statute of limitations to the Petition here. According to Condemnees, the word "act" in the Amendment's phrase "pursuant to this act" refers **only** to the Act of 2002, which added section 19.2 to the URL and also amended URL sections 11 and 12.1, 35 P.S. §§ 1711 and 1712.1. Therefore, Condemnees maintain that the only challenges subject to the one-year statute of limitations are those based on these sections of the URL. We disagree.

■ Whenever the word "act" is used in the URL, it clearly refers to the URL as a whole. For example, section 1 of the URL provides that "[t]his **act** shall be known ... as the 'Urban Redevelopment Law.' " 35 P.S. § 1701 (emphasis added). Similarly, section 3 of the URL states, "[t]he following terms where used · in this **act**, shall have the following meanings ...," 35 P.S. § 1703 (emphasis added). Accordingly, we conclude that the word "act" in section 19.2 likewise refers to the entire URL, and, thus, the one-year statute of limitations governs all challenges to just compensation or other damages from condemnations made pursuant to the authority of the URL.

■ Next, relying on provisions of the Statutory Construction Act of 1972, specifically sections 1926 (stating that no statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly) and 1928(b)(4) (providing that provisions conferring the power of eminent domain shall be strictly construed), 1 Pa.C.S. §§ 1926, 1928(b)(4), Condemnees argue that the trial court erred in retroactively applying section 19.2 to their Petition. Again we disagree.

■ Our supreme court has held that, for the purposes of retroactivity, there is a distinction between statutes affecting procedural matters and those altering substantive rights. *Bell v. Koppers Company, Inc.*, 481 Pa. 454, 392 A.2d 1380 (1978). Where a statute is related to a party's substantive right, courts must apply the law that was in effect at the time the cause of action arose; however, statutes relating to **procedural** matters, such as statutes of

---

5. Our scope of review when assessing a trial court's grant of preliminary objections to a petition for appointment of a board of viewers is limited to determining whether the trial court committed an error of law or abused its discretion. *Harrington v. Commonwealth*, 792 A.2d 669 (Pa.Cmwlth.2002).

limitation,[6] are applicable to cases **filed after** the **effective date** of the statute.[7] *Id.* Because Condemnees filed their Petition after the Amendment's effective date, it is subject to the one-year statute of limitations. *In re Condemnation of Real Estate by Carmichaels,* 88 Pa.Cmwlth. 541, 490 A.2d 30 (1985); *Crisante v. J.H. Beers, Inc.,* 297 Pa.Super. 337, 443 A.2d 1150 (1982).

■ Alternatively, Condemnees assert that, even if section 19.2 has retroactive effect, they should not be bound by it because they did not have a reasonable amount of time between the Amendment's effective date and the expiration of the one-year statute of limitations to file their Petition. *Philadelphia, Baltimore & Washington R.R. v. Quaker City Flour Mills Company,* 282 Pa. 362, 127 A. 845 (1925); *Crisante; Ferki* (all holding that while the legislature may shorten the time in which suits to enforce existing rights of action may be commenced, **a reasonable time** must be given by the new law for the

commencement of the suit before the bar takes effect). However, we agree with the trial court that the eight months remaining to Condemnees (two-thirds of the statutory period) after the Amendment became effective afforded them a reasonable amount of time in which to file their Petition. Moreover, even were we to hold that Condemnees should be afforded the entire limitations period, we still would conclude that the Petition was untimely where it was not filed until April 2006, **two years and eight months after** the expiration of the statute of limitations in August 2003.[8]

■ Condemnees next argue that they have a fundamental right to just compensation under the Pennsylvania Constitution and that the trial court's retroactive application of section 19.2 deprived them of that right without due process. We disagree.

■ As a matter of constitutional law, a statute of limitations goes to matters of remedy, not to the destruction or impair-

**6.** *In re Condemnation of Real Estate by Carmichaels,* 88 Pa.Cmwlth. 541, 490 A.2d 30 (1985) (holding that statutes of limitations relate solely to procedural matters and do not affect substantive rights); *Upper Montgomery Joint Authority v. Yerk,* 1 Pa.Cmwlth. 269, 274 A.2d 212 (1971) (same).

**7.** Condemnees argue that *Misitis v. Steel City Piping Company,* 441 Pa. 339, 272 A.2d 883 (1971) and *Elder v. Elder,* 256 Pa. 139, 100 A. 581 (1917), support the conclusion that the trial court erred in applying the Amendment retroactively. However, these cases are distinguishable because both involved substantive rights. In *Misitis,* the statute involved was not a statute of limitations but a statute of repose, which is substantive in nature, *Vargo v. Koppers Company, Inc., Engineering and Construction Division,* 552 Pa. 371, 715 A.2d 423 (1998), and, therefore, could not be applied retroactively. *See Moyer v. Berks County Board of Assessment Appeals,* 803 A.2d 833 (Pa.Cmwlth.) (stating that substantive laws are those that establish rights and that substantive laws may not be applied retroactive-

ly), *appeal denied,* 571 Pa. 711, 812 A.2d 1232 (2002). In *Elder,* the statute, which the General Assembly intended to have retroactive effect, created a legal right in property for an individual who previously had no legal right to the property and, thus, was substantive and could not be applied retroactively. *Moyer.*

**8.** For this reason, we need not consider Condemnees' argument that the one-year statute of limitations should not begin to run until the Amendment's December 1, 2002, effective date. *Philadelphia B. & W.R. Company* (holding that a change to a statute of limitations should start to run as to all causes of action, whether accrued at the effective date of the act or thereafter, as of the effective date of the new statute). Clearly, this argument does not save Condemnees' Petition because, under the holding in *Philadelphia B & W.R. Company,* Condemnees would have had one year from the effective date of the Amendment, or until December 1, **2003,** to file their Petition, and they did not file the Petition until April 7, **2006.**

ment of a fundamental right, so long as the aggrieved party has a reasonable time to sue. *Pennock v. Lenzi*, 882 A.2d 1057 (Pa.Cmwlth.2005), *appeal denied*, 587 Pa. 703, 897 A.2d 462 (2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 227, 166 L.Ed.2d 146 (2006). Similarly, no one has a vested right in a statute of limitations or other procedural matters, and the legislature may at any time alter, amend or repeal such provision without offending constitutional restraints, as long as there is no omission of a remedy for the enforcement of a right for which a remedy existed when the right accrued. *Id.*

As previously discussed, after the Amendment became effective, Condemnees still had a reasonable period of time to file their Petition and have their complaints heard by a board of view. Moreover, the Amendment did not eliminate Condemnees' right to this remedy, it merely shortened the period in which to seek it. Because Condemnees retained the right to challenge the just compensation received and because they had a reasonable amount of time in which to do so, the change in the statute of limitations did not destroy or impair Condemnees' fundamental right to just compensation. *Id.*

██ Finally, Condemnees argue that, if the trial court's interpretation of the Amendment as governing all condemnations under the URL is correct, then the Amendment violates the equal protection clauses of the United States and Pennsylvania Constitutions because it treats takings pursuant to the URL differently than all other governmental takings without a compelling reason and, thus, must be stricken as void. However, this argument attacks the constitutionality of the Amendment on its face, and, therefore, it was incumbent of Condemnees to notify the Attorney General of their constitutional challenge. Pa. R.C.P. No. 235; Pa. R.A.P.

521; *Kepple v. Fairman Drilling Company*, 532 Pa. 304, 615 A.2d 1298 (1992). Because Condemnees have failed to do so, this argument is waived. *Id.*

Accordingly, we affirm.

### ORDER

AND NOW, this 6th day of June, 2008, the order of the Court of Common Pleas of Allegheny County, dated May 31, 2007, is hereby affirmed.

Senior Judge COLINS dissents.