Pope, Appellant, *v.* Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co.

Argued April 14, 1954. Before Hirt, Ross, Gunther, Wright, Woodside and Ervin, JJ. (Rhodes, P. J., absent).

*H. Ray Pope, Jr.,* for appellant.

*Chester H. Byerly,* for appellee.

OPINION BY GUNTHER, J., July 13, 1954:

On December 13, 1950, Doyle L. Judson and Floyd Judson, employes of Central Electric Cooperative, Inc., in the course of employment, were injured in an automobile accident. They received compensation under the provisions of the Workmen's Compensation Act from the insurance carrier for their employer company. On November 21, 1951, and after the Act of May 29, 1951, P. L. 507, 77 PS §671 was in effect, suits were instituted by Attorney H. Ray Pope, Jr., on behalf of Doyle L. Judson and Floyd Judson in the Court of Common Pleas of Clarion County at Nos. 142 and 143, November Term, 1951, against Nancy R. Kester. At the time when the cases came up for trial, settlements were agreed upon totalling $15,500.

Since the injured men had previously received workmen's compensation, the insurance company, defendant here, was subrogated in the amount of $4,000, of which 25% was waived in order to secure settlements. The plaintiff received a percentage fee of the sums recovered for and paid to the injured men, but received no share of the $3,000 reimbursed to the insurance company. He now seeks a 25% fee from that sum. The court below entered judgment for the defendant.

The Act of May 29, 1951, P. L. 507, 77 PS §671, provides that ". . . reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe . . ." Conced-

edly this Act would permit recovery by the plaintiff were it not for the fact that the accident occurred before the passage of the law. The settlements, however, were agreed upon after the effective date of the Act and plaintiff contends that the Act applies in this case.

Prior to this Act of 1951, the Act of 1945, 77 PS §671, was in effect, which provided for the right of subrogation for the balance of any sum recovered in litigation or paid in compromise settlement "after subtraction of reasonable attorney's fees and other proper disbursements." This was construed by this Court in *Kratsas v. Guest,* 166 Pa. Superior Ct. 233, 70 A. 2d 672, to exclude the right which plaintiff now seeks. The defendant maintains that the prior law is applicable here, on the theory that to apply the amended law would impair its vested contractual rights.

A statute is normally construed to operate prospectively only, especially where vested rights are affected. *Martin v. Danko,* 143 Pa. Superior Ct. 106, 18 A. 2d 324; *Malicks' Petition,* 137 Pa. Superior Ct. 139, 8 A. 2d 494. However, if a statute is curative, remedial or procedural only, it may be applicable to litigation instituted prior thereto but not completed. *Bell Telephone Co. v. Pa. P. U. C.,* 130 Pa. Superior Ct. 514, 197 A. 783; *Malicks' Petition,* supra. If "no vested right or contractual obligation is involved, an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events which occurred prior to that date." *Burger Unemployment Compensation Case,* 168 Pa. Superior Ct. 89, at page 94, 77 A. 2d 737.

The defendant had a vested right to be subrogated to whatever fund the employe might recover. That right was not altered in the slightest by the statutory amendment in question, which actually does nothing more than prorate the costs. "The courts of this Com-

monwealth have adopted the policy that statutes relating to costs are to be liberally interpreted in order to justly compensate parties who have been obliged to incur necessary expenses in prosecuting lawful claims. . ." *Tunison v. Commonwealth,* 347 Pa. 76, at page 79, 31 A. 2d 521. It is clear that this law was intended to relate only to costs and fees and not to change basic rights, and it is therefore in the class of procedural or remedial legislation which may properly affect pending actions. The defendant can hardly contend that it had a vested contractual right to subrogation to a fund with no liability for any of the expenses incurred in the production of that fund, without which the right of subrogation would be hollow.

Other jurisdictions in which similar statutes imposing attorney's fees have been construed, have held that those laws affect pre-existing contractual arrangements. *Spicer v. Benefit Ass'n. R. E.,* 142 Or. 588, 21 P. 2d 187; *Germania Fire Ins. Co. of N. Y. v. Bally,* 19 Ariz. 580, 173 P. 1052; *Ahmed's Case,* 278 Mass. 180, 179 N.E. 684.

We hold that the compromise settlements in this case were covered by the amendment of 1951 and that the plaintiff was entitled to a pro rata attorney's fee from the fund paid over to defendant.

Judgment reversed and directed to be entered for plaintiff.