614 A.2d 320

**Carrol F. SANDERS and Others Similarly Situated, Appellant,**

v.

**LOOMIS ARMORED, INC.**

Superior Court of Pennsylvania.

Argued June 2, 1992.

Filed Oct. 5, 1992.

Ian J. Blynn, Camp Hill, for appellant.

Roxanne N. Sokolove, Washington, D.C., for appellee.

Before MONTEMURO, KELLY and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from the order of the Court of Common Pleas of Dauphin County granting summary judgment in favor of appellee Loomis Armored, Inc. ("employer"), and against appellants Carrol F. Sanders and others similarly situated ("employees"). Employees filed this class action suit to recover overtime wages allegedly owed them by employer for hours worked between February 1, 1989 through January 13, 1990. Employer filed a motion for summary judgment based upon a 1990 amendment to the Pennsylvania Minimum Wage Act, 43 P.S. § 333.105(b)(7) ("Minimum Wage Act"). The trial court granted employer's motion holding that the 1990 amendment: (1) exempted employer from its overtime provisions; and (2) bars employees' claim for overtime wages. This timely appeal followed.

Employees raise the following issue for our review:

Whether the Pennsylvania Minimum Wage Act, 42 P.S. § 333.101 et seq., as amended by 1990, July 9, P.L. 1190–79, may constitutionally retroactively extinguish Plaintiffs' vested right in an existing cause of action for overtime wages.

Our standard of review of an order granting summary judgment is well-settled. Summary judgment is properly granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P., No. 1035(b), 42 Pa.C.S.A. In considering a motion for summary judgment, a court must examine the entire record in the light most favorable to the non-moving party, and the court is not to decide issues of fact but merely determine whether any such issues exist, and to resolve all doubts in favor of the non-moving party. *Holmes v. Lado,* 412 Pa.Super. 218, 222, 602 A.2d 1389, 1391 (1992), *allocatur denied,* 530 Pa. 660, 609 A.2d 168 (1992); *Citsay v. Reich,* 380 Pa.Super. 366, 370, 551 A.2d 1096, 1098 (1988).

The issue in this case focuses on the language and application of the 1990 amendment to the Minimum Wage Act to the overtime hours worked by employees between February 1, 1989 through January 13, 1990.[1] The Minimum Wage Act provides that:

> The evils of unreasonable and unfair wages as they affect some employes employed in the Commonwealth of Pennsylvania are such as to render imperative the exercise of the police power of the Commonwealth for the protection of industry and of the employes employed therein and of the public interest of the community at large.

43 P.S. § 333.101. Prior to February 1, 1989, an "employe" under the Minimum Wage Act excluded any individual to the extent that he or she was subject to the Fair Labor Standards

---

1. From February 1, 1989 through January 13, 1990, employees worked for employer pursuant to a collective bargaining agreement which contained no provisions relating to overtime compensation. On January 13, 1990, employees and employer entered into a new collective bargaining agreement which made specific provisions for overtime compensation.

Act of June 25, 1938, *as amended,* 29 U.S.C.A. § 201 *et seq.* The overtime provisions of the Fair Labor Standards Act exclude "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to provisions of [the Motor Carrier Act]." 29 U.S.C.A. § 213(b)(1).

In 1989, the legislature amended the definition of "employe" to include "any individual employed by employer" thereby eliminating the previous reference to the Fair Labor Standards Act. In July, 1990, the legislature corrected this inconsistency between federal and state law. On July 9, 1990, the legislature again amended the Minimum Wage Act to provide:

(b) Employment in the following classifications shall be exempt from the overtime provisions of this act:

\* \* \* \* \* \*

(7) Any employe of a motor carrier with respect to whom the Federal Secretary of Transportation has power to establish qualifications and the maximum hours of service under 49 U.S.C. § 3102(b)(1) and (2) (relating to requirements for qualifications, hours of service, safety and equipment standards).

43 P.S. § 333.105(b)(7). The Act of July 9, 1990, further provides that:

No claim shall be made for overtime pursuant to the act to which this is an amendment by an employee of a motor carrier with respect to whom the Federal Secretary of Transportation has power to establish qualifications and maximum hours of service under 49 U.S.C. § 3102(b)(1) and (2) (relating to requirements for qualifications, hours of service, safety and equipment standards *after the effective date of this act.*

Section 3 of the Act of July 9, 1990, P.L. 348, No. 79 ("Act") (emphasis added). Sections 4 and 5 of the Act provide that the amendment shall take effect immediately (July 9, 1990) and shall be retroactive to February 1, 1989.

Employees filed a claim for overtime compensation after the effective date of the 1990 amendment to the Minimum Wage

Act. Employees acknowledge that their employment falls within the exemption defined in 43 P.S. § 333.105(b)(7). However, they argue that their due process rights guaranteed by both the Pennsylvania and United States Constitutions prevent retroactive application of the amendment.[2] Specifically, employees argue that the 1990 amendment to the Minimum Wage Act may not "constitutionally retroactively extinguish [employees'] vested right in an existing cause of action for overtime wages."

In Pennsylvania, it is well-settled that a court must construe the words of a statute according to their plain meaning. 1 Pa.C.S.A. § 1903(a); *Commonwealth v. Stanley*, 498 Pa. 326, 335, 446 A.2d 583, 587 (1982); *Fireman's Fund Insurance Co. v. Nationwide Mutual Insurance Co.*, 317 Pa.Super. 497, 502, 464 A.2d 431, 434 (1983). When the words of a statute are unambiguous, they are not to be disregarded under the pretext of pursuing the spirit of the statute. 1 Pa.C.S.A. § 1921(a). A statute is normally construed to operate prospectively. *Pope v. Pennsylvania Threshermen & Farmer's Mutual Casualty Ins. Co.*, 176 Pa.Super. 276, 278, 107 A.2d 191, 192 (1954). No statute shall be retroactive unless clearly and manifestly so intended by the legislature. *Krenzelak v. Krenzelak*, 503 Pa. 373, 380, 469 A.2d 987, 990 (1983).

Here, the legislature clearly and manifestly provided for retroactive application of the 1990 amendment. However, retroactive application of a law is not *per se* prohibited. It is prohibited only if it offends due process. *Tony Savatt, Inc. v. Latrobe Brewing Co.* 400 Pa.Super. 296, 310, 583 A.2d 796, 802 (1990), *allocatur denied*, 527 Pa. 668, 593 A.2d 843, *cert.*

**2.** The Pennsylvania Constitution provides, in part:
All men ... have certain inherent and indefeasible rights, among which are those of ... acquiring, possessing and protecting property....
PA.CONST. Art. I, § 1. The United States Constitution provides, in part:
[No State shall] deprive any person of life, liberty, or property, without due process of law....
U.S.CONST. amend. XIV, § 1.

*denied,* —— U.S. ——, 112 S.Ct. 586, 116 L.Ed.2d 611 (1991). Laws which are applied retroactively offend the due process clause if, "balancing the interests of both parties, such application would be unreasonable." *Id.* Retroactive laws which have been deemed reasonable are those which "impair no contract and disturb no vested right, but only [vary] remedies, cure defects in proceedings otherwise fair, and do not vary existing obligations contrary to their situation when entered into and prosecuted." *Krenzelak v. Krenzelak,* 503 Pa. at 382–83, 469 A.2d at 991 (quoting *Smith v. Fenner,* 399 Pa. 633, 641, 161 A.2d 150, 154 (1960)). If no vested right or contractual right is involved, an act is not retroactively construed if applied to a condition existing on its effective date, even though the condition results from events that occurred prior to that date. *Pope v. Pennsylvania Threshermen & Farmer's Mutual Casualty Ins. Co., supra,* 176 Pa.Super. at 278, 107 A.2d at 192.

Pennsylvania Courts have addressed the concept of vested rights in regard to other economic legislation. However, because of the differences in the scope and nature of different economic benefits, we must conclude that these cases are inapposite to the instant case. For example, in *Latella v. Unemployment Compensation Board of Review,* 74 Pa. Cmwlth. 14, 459 A.2d 464 (1983), the claimants argued against the retroactive application of a pension offset provision to their unemployment compensation benefits. The Commonwealth Court held that "Section 901 of the [Unemployment Compensation] Law, 43 P.S. § 881, allows that there is no vested right to unemployment benefits, '[c]onsequently, the legislature is free to amend the act in any particular, and constitutionally accord its amendments retroactive effect.'" *Id.* 459 A.2d at 471–72, 459 A.2d at 469–70. In *Dupree v. Barney,* 193 Pa.Super. 331, 163 A.2d 901 (1960), this court addressed the concept of vested rights in regard to workmen's compensation benefits. We stated:

[Workmen's compensation is] a system of compensation not imposed by law but established by agreement of the parties implied from their failure to express an intention to the

contrary ... In legal effect the parties, by failing to express an intention not to be bound by the Act, incorporated its terms into their contract as if expressly written therein. Such right is contractual rather than a right or benefit conferred by the statute itself, and repeal of the statute cannot abrogate such vested contractual rights.

*Id.,* 193 Pa.Superior Ct. at 336, 163 A.2d at 904–05.

"The essence of a vested right is fixity: rights are vested when they are fixed, unalterable or irrevocable." *Miller v. Johnstown Traction Co.,* 167 Pa.Super. 421, 428, 74 A.2d 508, 511 (1950). In the instant case, employees argue that they have a vested right in actions accruing under the Minimum Wage Act prior to its amendment in 1990. Employees cite our Supreme Court's holding in *Gibson v. Commonwealth,* 490 Pa. 156, 415 A.2d 80 (1980), as supporting their argument that the legislature may not extinguish a right of action which has already accrued to a claimant. The statute in *Gibson,* the Act of September 28, 1978, P.L. 788, §§ 1 *et seq.* (Act 152), created statutory sovereign immunity for the first time in Pennsylvania. The appellants in *Gibson* filed five separate actions in trespass against the Department of Environmental Resources (DER). The appellants alleged that the DER's negligent supervision of a dam caused a flood which resulted in the loss of life, limb and property. The question before our Supreme Court was whether Act 152 could constitutionally govern causes which became actionable prior to its enactment.

Our Supreme Court noted that the "Legislature's repeal of a law which created a right of action does not disturb any actions accrued thereunder." *Id.,* 490 Pa. at 161, 415 A.2d at 83. Further, the Supreme Court held that:

There is a vested right in an accrued cause of action.... A law can be repealed by the law giver; but the rights which have been acquired under it, while it was in force, do not thereby cease. It would be an absolute injustice to abolish with the law all the effects it had produced. This is a principle of general jurisprudence; but a right to be within its protection must be a vested right.

*Id.* (quoting *Lewis v. Pennsylvania R.R. Co.*, 220 Pa. 317, 324, 69 A. 821, 823 (1908)). The true test of when a cause of action arises or accrues is "to establish the time when the Plaintiff could have first maintained the action to a successful conclusion." *Kapil v. Association of Pennsylvania State College and University Faculties*, 504 Pa. 92, 99, 470 A.2d 482, 485 (1983).

■ We note that in its Bill Analysis, the Pennsylvania Senate Labor and Industry Committee specifically recognized employees' right to overtime compensation under the unamended version:

The U.S. Secretary is given the authority to set wage and hour standards for truckers involved in interstate commerce under 49 U.S.C. These employees are and have been exempt from the federal overtime requirements of the Fair Labor Standards Act. However, with the passage of the 1988 amendments to the state Minimum Wage Law, *it is very clear that these employees are subject to the overtime section of the Pennsylvania Minimum Wage Law.*

Bill Analysis of S.B. 1458, Senate Labor and Industry Committee (emphasis added). Here, employees could have first maintained their action when each, respectively: (1) worked in excess of forty (40) hours in one week; and (2) received less than the overtime wages specified under the Minimum Wage Act. For each employee, the date upon which the cause of action accrued would be prior to July 9, 1990, the effective date of the amendment excluding employees from the overtime wage provisions of the Minimum Wage Act. Therefore, we conclude that employees have a vested right in their cause of action which cannot be extinguished by the 1990 amendment to the Minimum Wage Act without violating their constitutional right to due process.

For the foregoing reasons, we conclude that retroactive application of 43 P.S. § 333.105(b)(7) to preclude employees' cause of action violates the due process clause of the Pennsylvania and United States Constitution. Accordingly, we reverse the order of the lower court granting summary judg-

ment in favor of employer and remand for further proceedings consistent with this memorandum.

Order granting summary judgment reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.