[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT ON COUNT ONE AND MOTION FOR SUMMARY JUDGMENT ON COUNT TWO
The issues before the court are (1) whether summary judgment should be granted in favor of the defendant D'Addario Limo Service on the second count (breach of contract) on the ground that no genuine issue of material fact exists as to the existence of a contract between John Novak and D'Addario; and (2) whether summary CT Page 10928 judgment should be granted in favor of the defendant D'Addario Limo Service on the first count (negligence) on the ground that the plaintiff failed to establish that the defendant's negligence proximately caused his injury
It is found that because there is a genuine issue of matter of fact as to whether a contract existed between the defendant and John Novak, the defendant's motion for summary judgment should denied.
It is also found that the defendant's motion for summary judgment on the negligence count should be denied because there exist genuine issues of material fact concerning the proximate cause of John Novak's injuries.
The plaintiff, Susan Novak, Conservator of the Estate of John Novak, filed a two count complaint against Mario D'Addario Limo Service, Inc. on June 27, 1991 as a result of injuries sustained by her son on the night of December 31, 1991 while at a house party on Bruce Ave. in Stratford, Connecticut. In the first count plaintiff alleges negligence on the part of defendant's driver for leaving the house party and, consequently, John Novak without a safe means of transportation home. As a result, John Novak suffered severe injuries when, fleeing from a fight that erupted in the house, he stumbled into the street and was struck by a car driving in a northerly direction.
In the second count plaintiff alleges that John Novak's injuries resulted from a breach of contract in that the driver failed to remain with John Novak for the time specified and failed to provide a safe means for leaving the party. The defendant answered the complaint and filed two special defenses. The first special defense alleges contributory negligence; the second, alleges that the second count of the complaint fails to state a cause of action on which relief may be granted.
The defendant has filed two separate summary judgment motions, one directed to each count of the complaint. The first motion filed on May 28, 1992, as to the breach of contract claim (Count II) asserts that no contract existed, either written or oral, between John Novak and the defendant and further that negligence, not contract, is the appropriate theory of recovery. In support of its motion the defendant CT Page 10929 filed copies of portions of deposition transcripts of all persons who claim to have personal knowledge of the nature and terms of the contract. The plaintiff, who does not dispute the fact that there was no written contract, has filed a timely memorandum in opposition to the motion also relying on excerpts of deposition transcripts of fact witnesses to establish the existence of an express or implied contract between the defendant and John Novak. In addition, the plaintiff states, she is entitled to advance alternative, even conflicting theories of law under Practice Book 94.
The defendant filed a reply memorandum arguing that there is no evidence to support the legal conclusion that an express and/or implied contract existed. Moreover, the defendant argues that it owed no duty to John Novak even if there was a contract for future transportation.
On August 13, 1992, the defendant filed its second motion for summary judgment on Count I based in negligence. In support of its motion, the defendant filed a memorandum of law and excerpts of deposition transcripts of fact witnesses to establish that John Novak was not a passenger in the defendant's limousine at the time of the accident and, therefore, that no legal duty was owed to John Novak.
Moreover, the defendant maintains, even if a duty was owed, the defendant should not be held to the standard of a common carrier because the limo service is a motor vehicle in delivery service as defined by General Statutes 13b-101. The plaintiff has timely filed a memorandum of law in opposition with portions of deposition transcripts attached claiming that several material facts still exist regarding the negligence claim, specifically two issues; one, whether the limo driver had been given permission to leave, and, two, the determination of the standard of care owed by the defendant to John Novak.
This memorandum deals with the motions for summary judgment in the order filed, that is, as to Count II first, and as to Count I. second.
DISCUSSION
I. Standards For Summary Judgment CT Page 10930
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." (Citations omitted.) Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 289 (1985). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Hammer v. Lumbermen's Mutual Casualty, 214 Conn. 573, 578, 573 A.2d 668 (1990) quoting United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 379, 260 A.2d 596 (1969). "The test for granting summary judgment is whether the moving party would be entitled to a directed verdict on the same facts." (Citation omitted.) Wilson v. New Haven, supra, 279-80. "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citations omitted.) United Oil Co., supra, 380. Therefore, the court must view "the evidence in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." (Citation omitted.) Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 43
(1986). In applying this standard, "the trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties." Orticelli v. Powers, 197 Conn. 9, 15, 495 A.2d 1023 (1985).
II. Breach of Contract (Count II)
 A contract is an agreement between the parties whereby one of them acquires a right to an act by the other; and the other assumes an obligation to perform that act. The obligation so assumed is called a promise. Contracts may be express or implied. These terms do not denote different kinds of contracts, but have reference to the evidence by which the agreement between the parties is shown. If the agreement is shown by the direct words of the parties, spoken or written, the contract is said to be an express one. But if such an agreement can only be shown by the acts and conduct of CT Page 10931 the parties, interpreted in light of the subject matter and of the surrounding circumstances, then the contract is an implied one.
Skelly v. Bristol Savings Bank, 63 Conn. 83, 87, 26 A. 474
(1893).
In its motion for summary judgment the defendant argues that no contract existed between the defendant and John Novak, either written or oral. To support that contention the defendant has filed excerpts of deposition transcripts of certain fact witnesses to show that Scott DeMarco, a friend of John Novak's, arranged for the limo that evening and that he, not John Novak, was the only customer of the defendant. Plaintiff has also filed excerpts of deposition testimony purporting to establish the existence of an implied and/or express contract. In response defendant has filed a reply memorandum denying such a contract and denying any duty was owed to John Novak. Each memorandum and reply memorandum is accompanied by uncertified copies of deposition transcripts. Practice Book 380 requires certified copies.
Deposition testimony may be excluded from a judicial proceeding where the record does not indicate that it is admissible into evidence, Gordon v. Indusco Management Corp.,164 Conn. 262, 270-71, 320 A.2d 811 (1973). The final decision whether to admit deposition testimony is within the discretion of the trial judge. Farrell v. St. Vincent's Hospital, 203 Conn. 554, 564-65, 525 A.2d 954 (1987). Evidence inadmissible at trial is insufficient to support a motion for summary judgment. Farrell v. Farrell, 182 Conn. 34,39, 483 A.2d 415 (1980).
Without certification these copies are not admissible as evidence. Therefore, these copies will not be considered in evaluating the defendant's motion for summary judgment. Since a motion for summary judgment must be accompanied by an evidentiary showing, see Farrell v. Farrell, supra, it is clear that the defendant's motion for summary judgment should be denied. Even if the copies of the deposition testimony were certified, it is found that these exhibits would not be sufficient to support the defendant's motion for summary judgment. Depositions are usually used to impeach or contradict the testimony of the deponent when he CT Page 10932 is a witness; Practice Book 248 (a)(1); and are admitted into evidence "so far as admissible under the rules of evidence" in certain limited circumstances; Practice Book 248 (1)(b), (d). All questions, including those objected to, must be answered in a deposition. Practice Book 247 (b). The allowable scope of inquiry at a discovery deposition clearly exceeds the boundaries of admissible evidence." Sanderson v. Steve Snyder Enterprises, Inc.196 Conn. 134, 139, 491 A.2d 389 (1985). Therefore, it is submitted that affidavits would provide more appropriate support for the defendant's motion for summary judgment. See Practice Book 380.
Whether by affidavit or by admission upon judicial discretion of deposition testimony, the defendant can only establish there was no breach of duty by proving there was no contract. Therefore, the existence or nonexistence of a contract is a material fact which will determine whether or not a duty was owed to John Novak Accordingly, it is found that the defendant's motion for summary judgment should be denied as a genuine issue of material fact still exists as to the nature, if any, and terms of the contract.
With respect to defendant's other claim as to the breach of contract count, that is, that negligence is the appropriate theory of recovery, Practice Book 94 permits, and Connecticut courts recognize, a plaintiff's right to rest his action in either contract or tort. Watrous v. Sinoway, 135 Conn. 424, 426,65 A.2d 473 (1949). It is found that defendant's motion for summary judgment on the ground that a breach of contract claim may not coexist with a negligence claim should also be denied.
III. Negligence (Count I)
It is noted that all of the foregoing case law regarding the use of uncertified deposition excerpts in summary judgment motions discussed above as to Count II applies with equal force to Count. In addition, "issues of negligence are ordinarily not susceptible of summary adjudication." Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984). See also Spencer v. Good Earth Restaurant164 Conn. 194, 198-99, 319 A.2d 403 (1972). It is noted that the information contained in the excerpts of the depositions submitted by both parties raise several questions of fact including the credibility of the fact witnesses and may be subject to conflicting interpretations.
Accordingly, it is found that the defendant's motion for CT Page 10933 summary judgment on the negligence claim should also be denied.
WILLIAM J. McGRATH, JUDGE