**BOROUGH OF JEFFERSON HILLS, Appellant**

v.

**JEFFERSON HILLS POLICE DEPARTMENT WAGE AND POLICY COMMITTEE.**

Commonwealth Court of Pennsylvania.

Argued May 8, 2006.

Decided Aug. 4, 2006.

George S. Gobel, Pittsburgh, for appellant.

Stephen R. Greenberg, Pittsburgh, for appellee.

BEFORE: McGINLEY, Judge, and PELLEGRINI, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

The Borough of Jefferson Hills (Borough) appeals from an order of the Court of Common Pleas of Allegheny County (trial court), which vacated part of an arbitrator's award and affirmed the award in all other respects. We reverse in part.

On December 27, 2001, the Borough and the Jefferson Hills Police Department Wage and Policy Committee (Committee) entered into a Collective Bargaining Agreement (CBA), effective January 1, 2002 to December 31, 2005. On February 13, 2003, the Committee filed a grievance contending that the Borough violated the terms of the CBA by failing to reduce the retirement age for Borough police officers from age 55 to 50, and by failing to eliminate contributions to the Police Pension Plan by police officers following the enactment of Act 30 of 2002 (Act 30),[1] which took effect on April 17, 2002.

Following arbitration proceedings, the arbitrator found in favor of the Committee in both respects. With regard to the contribution issue, the arbitrator found the CBA provides that both parties recognized that all pension matters are subject to and governed by Act 600. The CBA further provides that individual officers will not be required to make a contribution in any amount from their salary to the Police Pension Fund for calendar years 2001, 2002, 2003, 2004, and 2005. The arbitrator found that the police officers have been

---

1. Act of April 17, 2002, P.L. 239. Act 30 amended the Act of May 25, 1956, P.L. (1955) 1804, *as amended,* 53 P.S. §§ 767–778, which is commonly referred to as "Act 600".

contributing 5% of their monthly compensation as required by Section 6 of Act 600, 53 P.S. § 772. Significantly, the arbitrator determined that as a result of the passage of Act 30, the only way police officer contributions would be "necessary" is if an agreement or award dictated that police officers must contribute to their plan. In the CBA, the parties agreed that no contributions were necessary. Thus, the arbitrator concluded that due to the passage of Act 30 and the express terms of the CBA, police officers are no longer required to contribute to the plan.

On appeal, the trial court determined that the arbitrator's award went too far and effectively removed from the CBA the requirement agreed to by the parties that a police officer could retire at age 50, provided the plan is actuarially sound; no evidence was presented that the plan is actuarially sound. With regard to the contributions, the trial court determined that the arbitrator correctly determined that the police officers were no longer required to contribute to the pension fund based upon the passage of Act 30. The trial court reasoned that the arbitrator did not retroactively apply the law, but rather applied the law in effect when the grievance was filed, February 13, 2003. By order dated September 7, 2005, the trial court vacated the portion of the award pertaining to the age of retirement and affirmed the award in all other respects. This appeal now follows.

The Borough raises the issue of whether, based upon the applicable scope of review of narrow certiorari, the trial court erred as a matter of law in affirming the arbitrator's award which determined that the Borough violated the CBA by failing to eliminate police pension contributions after the enactment of Act 30, even though the Borough's pension plan was not actuarially sound and Act 30 was enacted into law on April 17, 2002, which was subsequent to the parties existing CBA.

■ Judicial review of a grievance arbitration award arising under the Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1—217.10, commonly referred to as "Act 111," is in the nature of narrow certiorari. Narrow certiorari requires the court to review only the question of jurisdiction, the regularity of the proceedings, questions of excess in the exercise of powers and constitutional questions. *Pennsylvania State Police v. Pennsylvania State Troopers' Association*, 540 Pa. 66, 71, 656 A.2d 83, 85 (1995).

The CBA, which was entered into by the parties on December 27, 2001, provides in pertinent part:

> 2. *Individual Officers will not be required to make a contribution in any amount from their salary to the Police Pension Fund for calendar years 2001, 2002, 2003, 2004 and 2005, only, unless otherwise required by the Auditor General or applicable law.*

> [5]. *Both parties recognize that all pension related matters are subject to and governed by Act 600* of the Commonwealth of Pennsylvania, the Auditor General findings pertaining thereto and case law interpreting the same, and that *Act 600 supersedes the terms of this contract.*

Article XXI of the CBA—Pension Plan, Reproduced Record (R.R.) at 87 (emphasis added).

Section 6(a) of Act 600, 53 P.S. § 772(a), provides that "[m]embers shall pay into the fund, monthly, an amount equal to not less than five per centum nor more than eight per centum of monthly compensation." When the parties entered into the CBA, Section 6(c) of Act 600, 53 P.S. § 772(c), provided:

*If an actuarial study shows that the condition of the police pension fund of any borough, town, township or regional police department is such that payments into the fund by members may be reduced below the minimum percentages hereinbefore prescribed, or eliminated, and that if such payments are reduced or eliminated contributions by the borough, town, township or regional police department will not be required to keep the fund actuarially sound, the governing body of the borough, town, township or regional police department may, on an annual basis, by ordinance or resolution, reduce or eliminate payments into the fund by members.*

(Emphasis added). This language permitted a governing body to reduce or eliminate pension contributions by police officers only if the governing body would not thereafter be required to make contributions to keep the fund actuarially sound. Prior contributions were based upon the funding requirements of the plan. Officers had to contribute at least 5% of their salaries to meet actuarial funding requirements before the Borough would be required to contribute to the plan. Thus, a request to eliminate or reduce officer pension contributions could not legally be granted if it resulted in the Borough being required to make contributions in order to keep the plan actuarially sound.

On April 17, 2002, Act 600 was amended by Act 30, effective immediately. Act 30 deleted the first part of Section 6(c) (as italicized above) to provide:

The governing body of the borough, town, township or regional police department may, on an annual basis, by ordinance or resolution, reduce or eliminate payments into the fund by members. Except as otherwise provided in this subsection, reduction or elimination of member contributions shall not permit

the return of contributions or any interest or fund earnings to be made to members while actively employed as a police officer by any borough, town or township subject to this act.

The passage of Act 30 eliminated the statutory requirement that a police officer contribute to the pension fund of which he or she is a member before municipal contributions are required to keep the fund actuarially sound. In other words, members of the fund will no longer be legally required to contribute to their own plan before the municipality is required to contribute. The parties can now reduce or eliminate officer contributions regardless of the actuarial status of the pension fund.

The crux of issue before this Court is what impact the enactment of Act 30 has upon the existing CBA and whether the arbitrator's application of Act 30 to the CBA constitutes an impermissible retroactive application. In Pennsylvania, it is well-settled that a court must construe the words of a statute according to their plain meaning. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a); *Commonwealth v. Stanley*, 498 Pa. 326, 335, 446 A.2d 583, 587 (1982). When the words of a statute are unambiguous, they are not to be disregarded under the pretext of pursuing the spirit of the statute. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a). A statute is normally construed to operate prospectively. *Sanders v. Loomis Armored, Inc.*, 418 Pa.Super. 375, 614 A.2d 320 (1992), *petition for allowance of appeal denied*, 535 Pa. 661, 634 A.2d 224 (1993); *Pope v. Pennsylvania Threshermen & Farmer's Mutual Casualty Ins. Co.*, 176 Pa.Super. 276, 107 A.2d 191, 192 (1954). No statute shall be retroactive unless clearly and manifestly so intended by the General Assembly. *Krenze-*

*lak v. Krenzelak,* 503 Pa. 373, 380, 469 A.2d 987, 990 (1983).

 Retroactive application of a law is not *per se* prohibited. *Sanders.* It is prohibited only if it offends due process. *Tony Savatt, Inc. v. Latrobe Brewing Co.,* 400 Pa.Super. 296, 583 A.2d 796, 802 (1990), *petition for allowance of appeal denied,* 527 Pa. 668, 593 A.2d 843, *cert. denied,* 502 U.S. 982, 112 S.Ct. 586, 116 L.Ed.2d 611 (1991). Laws which are applied retroactively offend the due process clause if, "balancing the interests of both parties, such application would be unreasonable." Id. Retroactive laws which have been deemed reasonable are those which "impair no contract and disturb no vested right, but only [vary] remedies, cure defects in proceedings otherwise fair, and do not vary existing obligations contrary to their situation when entered into and prosecuted." *Krenzelak,* 503 Pa. at 382–83, 469 A.2d at 991 (quoting *Smith v. Fenner,* 399 Pa. 633, 641, 161 A.2d 150, 154 (1960)). If no vested right or contractual right is involved, an act is not retroactively construed if applied to a condition existing on its effective date, even though the condition results from events that occurred prior to that date. *Pope,* 107 A.2d at 192.

In this case, the General Assembly did not clearly and manifestly intend for the retroactive application of Act 30. *Cf. Sanders* (clear and manifest intent expressed where statute expressly provided that the amendment shall be retroactive). The arbitrator, in determining that the Borough violated the CBA by failing to eliminate police pension contributions after the passage of Act 30, retroactively applied Act 30 to the CBA. Act 30, which was enacted on April 17, 2002, became law subsequent to the parties existing CBA. The parties bargained to be bound by the language of Act 600, in effect when the CBA was entered into by the parties, not the amendments subsequently added by Act 30. That language included the long-standing provision that police officers contribute 5% to their pension plan and permitted a governing body to reduce or eliminate pension contributions by police officers only if the governing body would not thereafter be required to make contributions to keep the fund actuarially sound. The retroactive application of Act 30 creates a material change in the parties CBA to which the parties had no opportunity to bargain or agree. It would be patently unfair and a violation of due process to permit a bargaining unit, or an employer for that matter, to gain a retroactive advantage by permitting a subsequent amendment to alter a fundamental term of a labor agreement reached after collective bargaining.

 According to the terms of the CBA and Act 600, whether or not contributions are necessary must be determined by actuarial soundness of the plan. No evidence was presented that the plan is actuarially sound. Thus, we conclude that the arbitrator exceeded his authority in determining that the Borough violated the CBA by failing to eliminate police pension contributions after the passage of Act 30 and the trial court erred in affirming the same.

Accordingly, the order of the trial court is reversed insofar as it affirmed the arbitrator's determination that the Borough of Jefferson Hills violated the collective bargaining agreement by failing to eliminate police pension contributions, and affirmed in all other respects.

### ORDER

AND NOW, this 4th day of August, 2006, the order of the Court of Common Pleas of Allegheny County, at No. GD04–13821, dated September 7, 2005, is RE-

VERSED insofar as the order affirmed the arbitrator's award ordering the Borough of Jefferson Hills to "reduce police contributions to zero, retroactive to the date of the grievance, February 13, 2003" and issue "[r]efunds for contributions improperly taken" and is AFFIRMED in all other respects.